USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                    :

LAW FIRM OF OMAR T.
MOHAMMEDI, LLC,                 :

            Plaintiff,     :

  -against-                :   17 Civ. 4567 (ER)(HBP)

COMPUTER ASSISTED PRACTICE    :   OPINION
ELECTRONIC MANAGEMENT SOLUTIONS,    AND ORDER
d/b/a "Capems, Inc.," KENNETH   :
CULLEN, in his professional and
individual capacities, and JUSTIN :
GORKIC, in his professional and
individual capacities,          :

           Defendants.   :

-----------------------------------X

PITMAN, United States Magistrate Judge:

I. Introduction

By notice of motion dated June 11, 2018, plaintiff seeks to compel defendant Justin Gorkic to answer certain questions put to him during a May 23, 2018, deposition (Notice of Motion to Compel, dated June 11, 2018 (Docket Item ("D.I.") 64) at 1). For the reasons set forth below, plaintiff's motion is granted.

II. Background[1]

Plaintiff retained defendant Computer Assisted Practice Electronic Management Solutions, Inc. ("CAPEMS"), co-owned by defendants Justin Gorkic and Kenneth Cullen, to perform various services related to plaintiff's computers, including, but not limited to, "remote and on-site monthly back-ups of [p]laintiff's data" (Memorandum of Law in Support of Plaintiff's Motion to Compel, dated June 11, 2018 (D.I. 65) ("Plaintiff's Mem.") at 1).

In July of 2017, defendant Gorkic copied plaintiff's back-up data onto a MY BOOK external hard drive, which he encrypted to ensure that only plaintiff could access the drive (Affidavit of Justin Gorkic, sworn to August 28, 2017 (D.I. 27-1) ("Gorkic Aff.") ¶ 3; Affidavit of Kenneth Cullen, sworn to August 28, 2017 (D.I. 27-2) ("Cullen Aff.") ¶ 3). On or about August 17, 2017, the hard drive was given to defendants' counsel, Lawrence Schoenbach, Esq. (Gorkic Aff. ¶ 5; Cullen Aff. ¶ 5). On August 29, 2017, defendants' counsel gave a MY BOOK hard drive that purportedly contained plaintiff's confidential information to plaintiff's counsel, Aparna Anantharaman, Esq. (Declaration of Aparna Anantharaman, Esq., in Further Support of Plaintiff's

---

[1] I recite here only those facts that are relevant to an understanding of plaintiff's motion. My statement of facts does not attempt to set forth every aspect of the underlying case.

2

Motion to Compel Defendant Gorkic to Answer Deposition Questions, dated June 20, 2018 (D.I. 69) ¶ 7). On April 26, 2018, defendants' counsel gave plaintiff's counsel, Elizabeth Kimundi, Esq., the encryption key for the MY BOOK hard drive that he had previously supplied (Declaration of Elizabeth Kimundi, Esq., in Further Support of Plaintiff's Motion to Compel Defendant Gorkic to Answer Deposition Questions, dated June 20, 2018 (D.I. 68) ¶ 4).

Plaintiff claims that the contents of the hard drive demonstrate that defendants accessed plaintiff's data months after the alleged breach of contract, in violation of the Computer Fraud and Abuse Act (Plaintiff's Mem. at 7-8).

On May 23, 2018, plaintiff took Gorkic's deposition (Plaintiff's Mem. at 1; Defendants' Reply Affirmation in Opposition to Plaintiff's Motion to Compel, dated June 18, 2018 (D.I. 66) ("Defendants' Reply Aff.") ¶ 5). Defendants' counsel instructed defendant Gorkic not to answer certain questions pertaining to the MY BOOK hard drive, as well as questions regarding screen shots purportedly related to the hard drive (Plaintiff's Mem. at 4-6; Defendants' Reply Aff. ¶¶ 11-13). Defense counsel claimed that the questions were improper because the hard drive had not been properly authenticated (Plaintiff's Mem. at 4-6; Defendants' Reply Aff. ¶¶ 7-9, 11-13).

3

III. Analysis

   A. Applicable
      Legal Standards

The Federal Rules of Evidence govern the conduct of a deposition. See Fed. R. Civ. P. 30(c)(1) ("The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615."); Thompson v. Workmen's Circle Multicare Center, 11 Civ. 6885 (DAB)(HBP), 2015 WL 4591907 at *5 (S.D.N.Y. June 9, 2015). Unlike trial testimony, however, upon an objection by counsel, "the examination still proceeds" and "the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2) (emphasis added); see City of Almaty, Kazakhstan v. Ablyazov, 15 Civ. 5345 (AJB)(KHP), 2017 WL 9771809 at *3 (S.D.N.Y. July 28, 2017) (Parker, M.J.); Dean v. New York City, 15 Civ. 8825 (LAK)(KNF), 2017 WL 3671856 at *5 (S.D.N.Y. July 6, 2017) (Fox, M.J.); Kennedy v. City of New York, 12 Civ. 4166 (KPF), 2016 WL 3460417 at *2 (S.D.N.Y. June 20, 2016) (Failla, D.J.); Severstal Wheeling Inc. v. WPN Corp., 10 Civ. 954

4

(LTS)(GWG), 2012 WL 1982132 at *1 (S.D.N.Y. May 30, 2012) (Gorenstein, M.J.).

"Lack of relevancy is not a proper ground for instructing a witness not to answer deposition questions." Luc Vets Diamant v. Akush, 05 Civ. 2934 (WHP), 2006 WL 258293 at *1 (S.D.N.Y. Feb. 3, 2006) (Pauley, D.J.) (emphasis added); accord Resolution Tr. Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir. 1995); Cordero v. City of New York, 15 Civ. 3436 (JBW)(CLP), 2017 WL 2116699 at *5 (E.D.N.Y. May 12, 2017); Mirlis v. Greer, 429 F. Supp. 3d 611, 614 (D. Conn. 2017); Baines v. City of New York, 10 Civ. 9545 (JMF)(JLC), 2016 WL 3042787 at *3 (S.D.N.Y. May 27, 2016) (Cott, M.J.).

"Authentication and identification represent a special aspect of relevancy." Fed. R. Evid. 901(a) Advisory Committee's Note to 1972 Proposed Rules; see United States v. Sliker, 751 F.2d 477, 488 (2d Cir. 1984) ("In order for a piece of evidence to be of probative value, there must be proof that it is what its proponent says it is. The requirement of authentication is thus a condition precedent to admitting evidence."); see also United States v. Pluta, 176 F.3d 43, 49 (2d Cir. 1999) ("In order to be admissible, physical evidence must, of course, be properly authenticated.").

Authentication requires the proponent of the item of evidence to "produce evidence sufficient to support a finding that the item is what he proponent claims it is." Fed. R. Evid. 901; see United States v. Pluta, supra, 176 F.3d at 49; We Shall Overcome Found. v. The Richmond Org., Inc., 16 Civ. 2725 (DLC), 2017 WL 3981311 at *18 (S.D.N.Y. Sep. 8, 2017) (Cote, D.J.), quoting United States v. Ganias, 824 F.3d 199, 215 n.33 (2d Cir. 2016). "The proponent need not rule out all possibilities inconsistent with authenticity, or . . . prove beyond any doubt that the evidence is what it purports to be, [but] there must nonetheless be at least sufficient proof . . . so that a reasonable juror could find in favor of authenticity or identification." United States v. Vayner, 769 F.3d 125, 130 (2d Cir. 2014) (internal quotation marks omitted).

B. Application of the
   Foregoing Principles

Counsel's instruction to Gorkic not to answer certain deposition questions concerning the hard drive was improper.

As noted above, the requirement of authentication is an aspect of relevancy. In this case, unless the hard drive presented to Gorkic was the hard drive that was used by defendants to back up plaintiff's data, the answers to the questions would

6

probably be irrelevant. Thus, an objection based on a lack of authentication is really a type of relevancy objection, i.e., until the hard drive is connected to the parties' dispute, questions concerning it are irrelevant. The authorities above teach that instructions not to answer at a deposition on the grounds of irrelevance are improper, and, therefore, defense counsel's instruction to Gorkic were improper.[2] Defendants' counsel should have simply stated his objection and permitted Gorkic to answer the questions.

Plaintiff's application for fees pursuant to Fed. R. Civ. P. 37(a)(5)(A) is denied. Counsel could have called my chambers for a ruling during the course of the deposition and could, therefore, have avoided the cost of motion practice. That fact makes an award of fees unjust.

IV. Conclusion

Accordingly, because defendants' counsel improperly instructed defendant Gorkic not to answer certain questions put

---

[2] The admissibility of Gorkic's testimony is not before me, and I express no opinion on that issue. In any event, even if his testimony is ultimately found to be inadmissible, that fact does not render plaintiff's deposition questions to Gorkic concerning the hard drive improper. Fed. R. Civ. P 30(b)(1) ("Information within th[e] scope of discovery need not be admissible in evidence to be discoverable.").

to him during the May 23, 2018, deposition, plaintiff's motion to compel is granted. Defendant Gorkic is hereby ordered to appear, with counsel, on a mutually-agreed-upon date no later than 14 days from the issuance of this order, for further examination consistent with this order.

The Clerk of the Court is respectfully requested to mark Docket Item 64 closed.

Dated: New York, New York
October 16, 2018

SO ORDERED

*[signature]*
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel